SÁNCHEZ *v.* SOLDEVILA.

APPEAL from the District Court of Mayagüez.

No. 3.—Decided May 6, 1904.

DIVORCE—CONNIVANCE OF PARTIES.—The grounds upon which an action for divorce is based must be perfectly established on the trial before the divorce can be granted, since although the matrimonial bond originates in a civil contract, the dissolution thereof should not be made easy and it is necessary to prevent its being accomplished by the connivance of the parties.

## EXPOSICIÓN DEL CASO.

En el recurso de apelación que ante Nos pende interpuesto por Doña Ramona Sánchez Cintrón, que se mostró parte ante este Tribunal Supremo, bajo la dirección del letrado Don Eduardo Acuña Aybar, solicitando la revocación y anulación de la sentencia dictada por el Tribunal de Distrito de Mayagüez, que literalmente, dice así:

"*Sentencia.*—En la Ciudad de Mayagüez, á veinte y seis de Noviembre de mil novecientos dos. Visto en juicio oral y público este pleito civil, seguido entre partes, de la una, D. Antonio Manriqué de Lara en representación de Da. Ramona Sánchez y Cintrón, casada, de esta vecindad; y de la otra, el Ministerio Fiscal, en representación del Pueblo de Puerto Rico y Don Luis Soldevila y Costas, como demandado del domicilio de Peñuelas, á quien ha representado en un principio, en este litigo, el abogado Don Rodolfo Ramirez, sobre divorcio.

*Resultando*: que el 30 de Septiembre de 1899 contrajeron matrimonio canónico en la ciudad de Ponce Don Luis Soldevila y Costas con Da. Ramona Sánchez y Cintrón, inscribiéndose la unión matrimonial en el Registro Civil de aquella ciudad, el 30 de Enero del siguiente año.

*Resultando*: que Doña Ramona Sánchez, interpuso demanda alegando que no bien había espirado el año 1899, cuando comenzaron las desavenencias entre ambos esposos, hasta que llegaron á ser irreconciliables, y en esta situación, por la disparidad de caracteres creada, Don Luis Soldevila abandonó á su esposa en Noviembre de 1899, sin que haya vuelto á unirse á ella, trasladándose con ese motivo la demandante á esta ciudad, donde vive en compañía de sus hijos Don Ermelindo y Don Enrique Fajardo, hijos de su anterior matrimonio, y como era causa de divorcio el abandono de la mujer por el marido, ó del marido por la mujer, por un término mayor de un año, terminó solicitando que se declarase con lugar el divorcio, y se condenase al demandado al pago de las costas si no se allanaba á la demanda.

*Resultando*: que el demandado reconoció como ciertos los hechos de la demanda, y pidió en su escrito de allanamiento que se declarase con lugar, sin especial condenación de costas; y corridos los trámites de la ley, se señaló día para el juicio oral, recayendo sentencia por unanimidad.

STATEMENT OF THE CASE.

The appeal pending before us was taken by Ramona Sánchez Cintrón, who entered an appearance as a party thereto in this Supreme Court under the direction of Attorney Eduardo Acuña Aybar, for the purpose of obtaining a reversal and annulment of the judgment rendered by the District Court of Mayagüez, which reads as follows:

"Judgment.—In the city of Mayagüez, November 26, 1902. An oral and public hearing was had of this civil suit for divorce, prosecuted by Antonio Manrique de Lara, as the representative of Ramona Sánchez Cintrón, who is married and a resident of this city, the Department of Justice having appeared as the representative of the People of Porto Rico, and Luis Soldevila y Costas, as defendant, a resident of Peñuelas, who was represented at the beginning of this suit by Attorney Rodolfo Ramírez.

"On September 30, 1899, Luis Soldevila y Costas and Ramona Sánchez y Cintrón contracted canonical marriage in the city of Ponce, said matrimonial union being recorded in the Civil Registry of that city on January 30 of the following year.

"Ramona Sánchez brought an action alleging that the year 1899 had hardly expired when disagreements between the spouses began, until they became irreconcilable, and in this situation, owing to the incompatibility of dispositions thus created, in November of 1899, Luis Soldevila abandoned his wife and has not again lived with her, for which reason the plaintiff has moved to this city, where she resides with her sons, Ermelindo and Enrique Fajardo, the issue of a former marriage; and inasmuch as abandonment of the wife by the husband or of the husband by the wife for a period longer than one year was a cause for divorce, she prayed that the divorce applied for be granted and that the defendant be adjudged to pay the costs, should he fail to acquiesce in the complaint.

"The defendant acknowledged the truth of the facts as stated in the complaint, and in his answer in confession prayed that the same be admitted, without special imposition of costs; and after the formalities prescribed by law, a day was set for the oral hearing, judgment being rendered without dissent.

*Resultando*: que en este pleito se han cumplido todas las prescripciones legales.

*Visto*: siendo Juez Ponente el Sr. Presidente Don Arturo Aponte Rodriguez.

*Considerando*: que alegada como causa de divorcio el abandono de la mujer por el marido, ha debido justificarse por modo claro y evidente, y ello no resulta del acta del juicio oral.

*Considerando*: que es tanto más necesaria esta prueba, cuanto que debe evitarse que se rompan los vínculos matrimoniales por convenio de marido y mujer ó por confabulaciones entre los mismos.

Vistos los artículos 137 y 138 del Codigo Civil y la Orden Gereral No. 118, serie de 1899,

*Fallamos* que debemos declarar y declaramos sin lugar la demanda, absolvemos de ella á Don Luis Soldevila y Costas, é imponemos las costas á la parte actora.''

*Resultando*: que notificada esta sentencia, dicha Ramona Sánchez y Cintrón interpuso recurso de apelación para ante esta Corte Suprema, que se admitió, y con citación y emplazamiento de las partes se elevaron los autos á esta Superioridad, donde se personaron en tiempo la parte recurrente y el Fiscal.

*Resultando*: que señalado día para la vista tuvo ésta lugar en el día 21 de Abril de 1904, en cuyo acto el Letrado de la parte recurrente y el Fiscal de esta Corte estuvieron presentes y alegaron cuanto estimaron conducente á los derechos de la parte recurrente y al Estado; pero la parte recurrida no estuvo representada en esta Corte Suprema.

Abogado del apelante: *Sr. Acuña (Eduardo)*.

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

La parte apelada no compareció.

EL JUEZ ASOCIADO, SR. MacLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la *sentencia apelada, y además.*

*Considerando*: que los divorcios no pueden concederse sino cuando existen las causas consignadas en los estatutos, sea cual fuere la opinión de los Jueces que compongan las Cortes,

"In the conduct of this case all the legal provisions have been complied with.

"Presiding Judge Arturo Aponte Rodríguez prepared the opinion of the court.

"Abandonment of the wife by the husband having been alleged as cause for divorce, the same should have been clearly and indisputably proven, but it does not appear from the record of the oral trial.

"Such evidenςe is the more necessary as a dissolution of the marriage bonds, by agreement or connivance between husband and wife, should be avoided.

"In view of sections 137 and 138 of the Civil Code, and General Order No. 118, series of 1899, we adjudge that we should declare and do declare that the complaint does not lie, and release therefrom Luis Soldevila Costas, with costs against the plaintiff."

Notice of the foregoing judgment having been served upon Ramona Sánchez y Cintrón, she took an appeal to this Supreme Court, which was allowed, and after citing the parties, the record was sent up to this court, where the appellant and the *Fiscal* appeared in due time.

A day having been set for the hearing, the same was had on April 21, 1904, counsel for the appellant being present as also the *Fiscal* of this court, who respectively pleaded in support of the contentions of the appellant and of the People, the respondent not being represented before this Supreme Court.

*Mr. Acuña (Eduardo),* for appellant.
*Mr. del Toro, Fiscal,* for the People.
The respondent failed to appear.

MR. JUSTICE MacLEARY, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted, and moreover:

Divorces cannot be granted except when the causes specified in the statutes exist, irrespective of the opinion of the judges composing the court as to what would be more con-

en cuanto á lo que sea más conveniente para las partes, y que no existiendo pruebas de los fundamentos y requisitos prescritos por la ley, á satisfacción entera del Tribunal, el divorcio no puede concederse, con tanto mayor motivo cuanto que el vínculo matrimonial, aunque derivado de un contrato civil, no debe ser facil de disolverse.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada que en veinte y seis de Noviembre de 1902 dictó la Corte de Distrito de Mayagüez, con las costas al apelante, y devuélvanse los autos á dicho Tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y Sulzbacher.

venient for the parties, and inasmuch as proofs of the grounds and requisites prescribed by law, to the entire satisfaction of the court, do not exist, the divorce applied for cannot be granted, the more so, as the marriage bond, although derived from a civil contract, should not be made easy of dissolution.

We adjudge that we should affirm and do affirm the judgment appealed from, as rendered November 26, 1902, by the District Court of Mayagüez, with costs against the appellant. The record is ordered to be returned to said court, together with the proper certificate.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.